DIEMER & GUILFOIL, APPELLANTS, V. GRANT COUNTY ET AL., APPELLEES.

FILED MARCH 8, 1906. No. 14,126.

Taxation: ASSESSMENT. The action of the county board of equalization in fixing the place for listing and assessment of personal property, under the provisions of section 42, art. I, ch. 77, Comp. St. 1905, will not be disturbed, unless an abuse of discretion is shown.

APPEAL from the district court for Grant county: JOHN R. HANNA, JUDGE. *Affirmed.*

*R. C. Noleman* and *W. L. Stark,* for appellants.

*H. M. Sullivan* and *L. B. Unkefer, contra.*

EPPERSON, C.

This action originated before the board of equalization of Grant county upon the petition of M. E. Harmston and others, who petitioned the county board to assess to the appellants 1,500 head of cattle in Hyannis precinct and School District Number 1, instead of in Collins precinct and School District Number 3. The order of the county board granting the petition was sustained by the district court on appeal.

The testimony of the appellants shows the following facts: Appellants resided in Collins precinct upon a cattle ranch owned by them. They also owned and operated another and a smaller ranch or farm in Hyannis precinct, separated, and at a distance of about 15 miles from the home ranch. That the appellants are engaged in the business of buying, feeding and selling cattle, and owned in the spring of 1904, and for some time prior thereto, 4,000 head of cattle, on account of which they were liable for assessment for revenue purposes in the year 1904. Appellants used the Hyannis precinct ranch for the purpose

of producing hay, and for a winter and spring range for cattle, and from November, 1903, to about May 1, 1904, had there from 600 to 1,900 head of cattle. At times a number of cattle would be removed to the home ranch for dipping or other purposes, but soon thereafter the same or other cattle were returned, and in this way about 1,500 head were kept upon the Hyannis ranch grazing over the meadows, valleys and hills in and near the same, until about the first of May, 1904, when they were shipped or returned to the home ranch for summer grazing. Upon this ranch there is a small, corral, stable and four wells, sufficient to supply water for the cattle, and also a small dwelling house used by the owners and their employees during the feeding and haying seasons. Section 42, art. I, ch. 77, Comp. St. 1905, provides: "In all questions that may arise under this chapter as to the proper place to list personal property, * * * if between several places in the same county, the place for listing and assessment shall be determined and fixed by the county board; * * * and when fixed in either case, shall be as binding as if fixed in this chapter." This section makes it the duty of the county board to determine where within the county personal property shall be assessed, when questions arise, as in this case, and its decision will not be disturbed unless an abuse of discretion is shown. Under the facts stated above, the order of the county board, fixing Hyannis precinct as the place for listing and assessing the 1,500 head of cattle, is reasonable and just.

We therefore recommend that the decision of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons appearing in the foregoing opinion, the judgment of the district court is

AFFIRMED.