NEMAHA COUNTY, APPELLEE, v. RICHARDSON COUNTY; ARTHUR ALLEN, EXECUTOR, APPELLANT.

FILED FEBRUARY 11, 1913. No. 16,996.

1. **Taxation:** PLACE OF ASSESSMENT: POWER OF STATE BOARD OF EQUALIZATION. By section 10941, Ann. St. 1909, the legislature has conferred upon the state board of equalization and assessment, in any case where the statute is silent or uncertain as to the proper place to list personal property for taxation, the same power to fix the proper place as is possessed by the legislature itself.

2. ——: ——: ——. And, it being within the power of the legislature to provide, where the residence and personal property of one under guardianship are both in one county and the residence of the guardian in another, in which of the two counties the property should be listed, where it fails to so provide, the state board of equalization and assessment has full power to act; and when it does so act its determination of the question has all the force and effect of a statute.

APPEAL from the district court for Lancaster county: LINCOLN FROST, JUDGE. *Reversed and dismissed.*

*Quackenbush & Neal* and *Amos E. Gantt,* for appellant.

*Lambert & McCarty, contra.*

FAWCETT, J.

On October 17, 1908, Charles Mason, a resident of the village of Stella, in Richardson county, was adjudged an incompetent person, and his son-in-law, Arthur Allen, a resident of Auburn, in Nemaha county, was appointed his guardian. Allen qualified as such, and filed an inventory

and appraisement of the property of his ward situated in Richardson county, which consisted of a lot and dwelling-house valued at $2,000, and personal property consisting of moneys and promissory notes, all of which were on deposit for safe-keeping in the State Bank of Stella, and were of the appraised value of $9,544.57. An inventory of the real estate was later filed by Mr. Allen showing that his ward was the owner of 872 acres of land in Nemaha county, valued at $84,000. It is shown that there was no personal property in Nemaha county. For the year 1908 the personal property of Mr. Mason was listed by himself with the deputy assessor of Muddy township in Richardson county. The village of Stella, where Mr. Mason had his domicile, was in Muddy township. The guardian has never removed any of the personal property from the State Bank of Stella, but has at all times permitted the same to remain there. The guardian listed the personal property for taxation for 1909 with the deputy assessor of Muddy township, the same as his ward had done when acting for himself. The county assessor of Nemaha county claims the right to assess the personal property in that county, and made a demand upon the guardian to so list the same. Thereupon the guardian filed in the county court of Richardson county a petition praying for instruction and guidance as to his duties in the matter. The county court set a day for hearing, of which due notice was given to the chairman of the board of commissioners and to the county assessor of Nemaha county. Nemaha county entered a special appearance, challenging the jurisdiction of the court over the persons of said parties and the subject matter of the action. The special appearance was overruled, and the guardian instructed that it was his duty to list the personal property of his ward in Muddy township, Richardson county. Thereupon the county assessor of Nemaha county filed an application with the state board of equalization and assessment requesting a decision of that board as to the proper place for the listing and assessment of the personal

property involved, and gave due notice to the guardian and to the county assessor of Richardson county of such application. On August 9, 1909, there appeared before the state board of equalization and assessment "J. H. Lambert, county attorney, C. E Blessing, county assessor, and others representing the county of Nemaha, Nebraska, and A. E. Gantt, county attorney, and N. B. Judd, county assessor, and others representing the county of Richardson, Nebraska, in the matter of the assessment of the property of Charles Mason." There was present the full board. A copy of the findings of the county court of Richardson county, touching the request of Arthur Allen, guardian, for instructions, in relation to the listing of the personal property of his ward for taxation, was filed with the board, and it was agreed by the parties interested that such findings correctly stated the facts in the case. The substance of the findings has already been given above. On the next day, August 10, 1909, the state board met in regular session, all of the members being present, and upon further consideration of the matter the board decided that the property should be assessed in Richardson county. From this action of the state board the county of Nemaha and C. E. Blessing, its county assessor, prosecuted error proceedings to the district court for Lancaster county. Upon hearing in that court, the court found there was error in the order of the state board of equalization and assessment, "in this: that the personal property of the said Charles Mason should have been ordered assessed at the home of his guardian, in Auburn, Nemaha county, and not at the place of the ward's domicile, at Stella, in Richardson county." The order of the state board of equalization and assessment was reversed, and the personal property ordered to be assessed in accordance with the above finding. A motion for a new trial was overruled, and defendant Allen, executor, appealed to this court. (Prior to the filing of the petition in error in the district court, Mr. Mason had departed this life, and Mr. Allen had been appointed executor of his estate.)

We think it must be conceded that the legislature may fix the situs of personal property for purposes of taxation. Section 10941, Ann. St. 1909, provides: "In all questions that may arise under this chapter as to the proper place to list personal property, or when the same cannot be listed as stated in this chapter, if between several places in the same county, the place for listing and assessing shall be determined and fixed by the county board; and when between different counties, by the state board of equalization and assessment; and when fixed in either case, shall be as binding as if fixed in this chapter."

It was evidently with this statute in mind that the county assessor of Nemaha county filed with the state board of equalization and assessment his request for it to determine this question. The state board, upon due notice to all parties interested, and after a full hearing of the matter, with all parties represented by counsel, decided the question. In doing so it acted within the powers conferred upon it by the section of the statute above quoted. The words, "and when fixed in either case, shall be as binding as if fixed in this chapter," have a clear and distinct reference to the first two clauses in the section. The power thus conferred upon the state board is plenary in any case where the statute is silent or uncertain as to the proper place to list personal property for taxation. The board is given the same power to "fix" the proper place as is possessed by the legislature itself. It cannot be doubted that the legislature might have provided, where the residence and personal property of one under guardianship are both in one county and the residence of the guardian in another, in which of the two counties the property should be listed. Where it fails to so provide, the state board has full power to act; and when it does so act its determination of the question has all the force and effect of a statute. *Diemer & Guilfoil v. Grant County*, 76 Neb. 78, so far as it goes, is in harmony herewith.

Without deciding the question of the jurisdiction of the

courts to review, by error or appeal, a decision by the state board of equalization and assessment, when acting under the statute in question, we hold that the district court erred in reversing the action of the board in this case. The judgment is therefore reversed, and the error proceedings from the state board of equalization and assessment dismissed at costs of plaintiff in error therein.

REVERSED AND DISMISSED.