IN RE ASSESSMENT OF CERTAIN LIVESTOCK AND OTHER PERSONAL PROPERTY OWNED BY RAMM BROTHERS, A PARTNERSHIP.

ROBERT A. RAMM ET AL., APPELLANTS, v. THE COUNTY OF HOLT, NEBRASKA, ET AL., APPELLEES.

108 N. W. 2d 808

Filed April 14, 1961. No. 34935.

*Julius D. Cronin* and *Edward E. Hannon,* for appellants.

*William W. Griffin,* for appellees.

Heard before CARTER, MESSMORE, YEAGER, SPENCER, and BOSLAUGH, JJ.

SPENCER, J.

This case involves a determination of the proper place of listing livestock and machinery as between two taxing districts in Holt County.

Appellants, Eugene Ramm and Robert A. Ramm, are brothers and partners engaged in the business of breeding, raising, and feeding cattle. They will hereinafter be referred to as taxpayers. They run a yearling operation in school district No. 44, where their residences and farm buildings are located, and a cow operation in school district No. 136. They have been so engaged for the past 10 years.

Taxpayers normally keep about 500 head of yearling cattle in school district No. 44, where they reside and have pens and feed yards, and where they own 3 sections of pasture land. This pasture land is not sufficient for the yearling operation and it is necessary to obtain hay from other sources, including the land in school district No. 136. All of the livestock, machinery, feed, and other personal property in school district No. 44 was listed for taxation in that district and is not in question herein.

The cow operation is conducted by taxpayers on land they own approximately 3 miles west of their residences, and consists of a section of hay land and 2,000 acres of pasture land. When the calves produced in the cow herd on this land are weaned, they are trucked to school district No. 44 and become a part of the yearling operation. The cow operation, however, is always kept separate and apart from the yearling operation. The improvements in school district No. 136 are sufficient to care for the cattle kept there at all times.

There is, however, no residence on this property. The taxpayers and their hired help go back and forth daily from school district No. 44 to care for the cows. The land in the two school districts is joined, but the two operations are separated by a fence and a river. At certain times of the year it would be possible for the cattle to cross the river from one school district to the other, but the fences prevent their doing so. Although the land in the two school districts is contiguous, the entire cow operation is located in school district No. 136.

On January 1, 1960, taxpayers had 739 cattle in their cow herd. They also had 200 tons of prairie hay and certain machinery. This property was all listed for taxation in school district No. 136 where it was located. This had been the practice followed in previous years. The county assessor changed the place of assessment for all of this property for 1960 from school district No. 136 to school district No. 44. Taxpayers complained to the county board. After a hearing, the county board, by resolution, held that the livestock in school district No. 136 should be listed and assessed in school district No. 44. The taxpayers, by petition in error, appealed to the district court. The district court denied their petition and they have perfected their appeal to this court.

Sections of statute discussed in the briefs are as follows. Section 77-1202, R. R. S. 1943, provides: "Personal property, except such as is required by law to be listed and assessed otherwise, shall be listed and assessed in the county, precinct, township, city, village and school district where the owner resides, except that property having local situs, like grain elevators, lumber yards or any established business, shall be listed and assessed at the place of such situs."

Section 77-1204, R. R. S. 1943, provides: "When the owner of livestock or other personal property connected with a farm does not reside thereon, the same shall be listed and assessed in the county, township or precinct where the farm is situated. If the farm is situated in

several townships or precincts, it shall be listed and assessed in the township or precinct in which the principal place of business on such farm shall be."

Section 77-1205, R. S. Supp., 1959, so far as material herein, provides: "Livestock in charge of an agister, caretaker, or nonresident owner, on January 1 at 12:01 a.m. of the year for which the property is required to be listed, and not connected with the farm, shall be assessed where so kept; * * *."

In Goebel v. County of Holt, *ante*, p. 81, 108 N. W. 2d 406, we held: "The term 'farm' as used in Chapter 77, R. R. S. 1943, means a tract of land used for cultivation or production of crops of any nature, or the raising of any type of animal embraced within the term 'livestock.' "

We hold that the livestock involved herein is connected with a farm. Consequently, it is apparent that section 77-1205, R. S. Supp., 1959, is not applicable to the facts in this case because that section applies only to livestock which is not connected with a farm on which it is kept or found on January 1. Therefore, if there is any legal justification for assessment of the livestock in school district No. 136, it must be found under section 77-1204, R. R. S. 1943.

Before we discuss that point, it is appropriate to call attention to section 77-1216, R. R. S. 1943, which provides as follows: "Questions that may arise as to the proper place to list personal property shall be determined as follows:

"(1) If between several places in the same county, the place for listing and assessing shall be determined and fixed by the county board; and

"(2) If between different counties, the place for listing and assessing shall be determined by the State Board of Equalization and Assessment.

"When fixed in either case, it shall be as binding as if fixed by specific statutory provision."

In Goebel v. County of Holt, *supra,* we said: "Section

77-1216, R. R. S. 1943, makes it the duty of the county board to determine where within the county personal property shall be assessed when questions arise, and its decision will not be disturbed unless an abuse of discretion is shown."

We are concerned, therefore, with whether or not there has been an abuse of discretion herein. It is evident that the county assessor, the county board, and the district court determined that taxpayers' operation constitutes but a single stock farm or ranch, and that the personal property connected with it should be assessed at the principal place of business, which they determined to be the residences in school district No. 44.

It is the position of taxpayers that they have in fact separate operations on two separate farms. They point out that there are no facilities to care for the cow herd in school district No. 44. They argue that the land in school district No. 136 where the cow herd is cared for on a permanent basis, as a matter of law, constitutes a farm separate and distinct from the farm on which the taxpayers reside and on which they have additional cattle.

Taxpayers cite Delatour v. Smith, 116 Neb. 695, 218 N. W. 731, to support their position. In that case the taxpayer moved 573 cattle from his farm in Garden County into Arthur County to feed on some hay he purchased. They were there on the taxing date and this court held they were properly assessed in Arthur County under the statute which is now section 77-1205, R. S. Supp., 1959. We do not see its applicability to the facts herein.

Taxpayers also cite Diemer & Guilfoil v. Grant County, 76 Neb. 78, 107 N. W. 216, where taxpayer operated a home ranch in Collins precinct and a ranch in Hyannis precinct 15 miles away. Cattle were moved back and forth between the ranches. The county board held the cattle on the Hyannis ranch should be taxed in Hyannis precinct rather than the home precinct. That decision

was affirmed in this court. We said: "This section (now section 77-1216, R. R. S. 1943) makes it the duty of the county board to determine where within the county personal property shall be assessed, when questions arise, as in this case, and its decision will not be disturbed unless an abuse of discretion is shown."

The land in school district No. 44 on which the yearlings are kept is all pasture except for the pens and facilities adjoining the residences where the taxpayers reside. The hay used for feeding the yearlings is raised in school district No. 136. There are no residences of any nature on the land in school district No. 136, and the taxpayers and their hired help live in school district No. 44 and only go to the land to carry out the ranching operations. The calves raised by the cows in school district No. 136 are transferred to school district No. 44 as soon as they are weaned. This appears to be part of an integrated plan of operation followed for several years. Also, the land on which both operations are carried out is one single tract, all joined together with common boundaries, and not separated by any intervening land. However, fences do prevent the two herds from ever intermingling.

In this state of the record, can we say as a matter of law that the county board has clearly abused its discretion in holding that all of the facilities owned and operated by taxpayers in both school districts constitute a single enterprise of raising livestock, or in fact constitutes but one farm or ranch? Under the record in this case, the principal place of business on the farm must be held to be the residence of taxpayers.

Taxpayers claim they have been discriminated against because other taxpayers in Holt County with similar operations have been assessed differently. Passing the question as to whether this issue is properly before us, suffice it to say that there are differences in the fact situations which could justify the county board in upholding those assessments if they were before the board.

For one of the differences, the parties named by the taxpayers did not reside on their farms or ranches, but resided in the towns of Atkinson, O'Neill, and Stuart.

We cannot hold as a matter of law that the county board has abused its discretion. The judgment of the trial court is affirmed.

AFFIRMED.

SIMMONS, C. J., participating on briefs.