IN RE VALUATION AND EQUALIZATION OF REAL ESTATE IN SIOUX COUNTY, NEBRASKA, FOR 1972.
COUNTY OF SIOUX, NEBRASKA, APPELLANT, V. STATE BOARD OF EQUALIZATION AND ASSESSMENT, APPELLEE.
207 N. W. 2d 219

Filed May 4, 1973. No. 38706.

John H. Skavdahl, for appellant.

Clarence A. H. Meyer, Attorney General, and Ralph H. Gillan, for appellee.

Heard before SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

This is an appeal from an order of the State Board of Equalization and Assessment increasing the 1972 assessed value of all real estate in Sioux County for local property tax purposes by restoring values established by a professional appraisal. Sioux County has appealed.

In January 1970, Sioux County contracted with Justin H. Haynes and Company, a professional appraisal firm, to make a scientific reappraisal of all real property in the county for property tax purposes. The appraisal was completed in January of 1972 and the board of county commissioners, by formal resolution, accepted and approved the completed appraisal on February 7, 1972. After publication of notice as required, the State Tax Commissioner held a public hearing in Sioux County on March 3, 1972, relative to his approval of the ap-

praisal. On March 22, 1972, the State Tax Commissioner notified Sioux County of his approval of the appraisal. On May 24, 1972, the Sioux County board of equalization, by formal resolution, decreased by 20 percent the actual value of all real estate in Sioux County from the values ascertained and shown by the Haynes appraisal.

On July 13, 1972, the Sioux County assessor forwarded the 1972 abstract of assessment to the State Board of Equalization and Assessment. That abstract reflected the 20 percent reduction from the Haynes appraisal valuations. On July 28, 1972, the state board gave Sioux County written notice of a hearing to be held on August 4, 1972, before the State Board of Equalization and Assessment to consider raising the actual value of all real estate in Sioux County by 25 percent. The hearing before the state board was held as scheduled. On August 15, 1972, the State Board of Equalization and Assessment entered its order that all real estate in Sioux County be raised in valuation by 25 percent over the valuation as reflected in the 1972 abstract of assessment filed by the county. The order contained findings of fact and conclusions of law in support of the order and specifically recited that it was the intent and purpose of the order to restore the valuations to the level established by the Haynes appraisal.

Sioux County's assignments of error are generally directed to two areas. One area involves issues of due process and procedure and the other the substantive issue of whether the order of the state board is supported by the record or was erroneous, arbitrary, or capricious.

The fundamental threshold issue raised by the county involves the sufficiency of the notice of the hearing of August 4, 1972, before the State Board of Equalization and Assessment. The county asserts that the notice was misleading and ambiguous and failed to state the proposed percentage of increase by reference to the abstract of assessment. Sioux County contends that

due notice is a condition precedent to any valid order by the state board and that in the absence of valid notice, the board has no jurisdiction to order an increase in value.

Sioux County did interpose its objections as to sufficiency of notice at the commencement of the hearing before the state board, but made no request for continuance or for a specification of proposed adjustments. The county participated fully in the proceedings before the board without further objection as to notice, and with no apparent confusion as to the exact purpose of the hearing. The contention is that the notice of hearing was ambiguous in that the first paragraph might arguably be construed to propose a 25 percent increase to the Haynes appraisal values rather than a 25 percent increase in the 1972 abstract of assessment of Sioux County. Even if it be assumed that the first paragraph of the notice might be ambiguous as to what original valuations were to be increased by 25 percent, any such ambiguity was completely removed by the latter portions of the notice. The notice specified that the proposed 25 percent raise was the amount necessary to restore the full value resulting from the Haynes reappraisal. The notice met all essential requirements of the statutes and the decisions of this court. See, County of Blaine v. State Board of Equalization & Assessment, 180 Neb. 471, 143 N. W. 2d 880; County of Lancaster v. State Board of Equalization & Assessment, 180 Neb. 497, 143 N. W. 2d 885. An inadvertent ambiguity in one portion of a notice of hearing clarified or removed by other portions of the same notice ought not to form the basis for a due process challenge of the notice. Participation in the hearing under these circumstances removes the foundation for asserting prejudicial insufficiency of notice. The notice here was fully sufficient and the State Board of Equalization and Assessment had full jurisdiction and authority to act.

On other procedural issues the county asserts that

hearsay evidence was received and some documents received in evidence without proper foundation, and other documents received or considered without formal admission and inclusion in the record. In many instances no objection was made to sworn testimony. In other instances the county's objections are based upon the assumption that the state board fully adopted and relied upon facts indicated by documentary evidence. In other instances witnesses' testimony referred to documents filed with the State Tax Commissioner. We think it necessary only to note that proceedings at a hearing before the State Board of Equalization and Assessment are not bound by the strict technical rules of evidence demanded in a court of law. The multiple procedural contentions raised by the county cannot be sustained.

We turn now to the substantive issues as to whether the record supports the order of the State Board of Equalization and Assessment or instead demonstrates that the action of the board was erroneous, arbitrary, and capricious. A fundamental rule consistently followed by this court is that the determinations of both county and state boards of equalization are clothed with a presumption of validity. We have consistently affirmed the rule that the burden of proof is on the appellant to establish that the action of the State Board of Equalization and Assessment was erroneous, arbitrary, and capricious. While the record of the proceedings must sustain the action of the board, it is only when the record does not support such action that it will be held to be unreasonable and arbitrary. See, Hanna v. State Board of Equalization & Assessment, 181 Neb. 725, 150 N. W. 2d 878; City of Omaha v. State Board of Equalization & Assessment, 181 Neb. 734, 150 N. W. 2d 888; County of Sioux v. State Board of Equalization & Assessment, 185 Neb. 741, 178 N. W. 2d 754.

The critical issue in this case involves the validity of the Haynes appraisal and whether or not a professional appraisal made pursuant to statutory requirements rea-

sonably reflects equalization between counties and uniformity of assessment. Essentially, Sioux County concedes that the Haynes appraisal does not exceed actual value and that it is acceptable as to internal equalization within the county. The position of Sioux County is simply that the Haynes valuations are too high in relationship to adjoining counties. The evidentiary support for that position is based almost entirely on an appraisal study by R. C. Walters Company, Inc., dated July 1, 1969, and comparisons in that study based on 1969 tax valuations. That study concerned three counties and was done over a 2½ month period in 1969. The Walters study also used as partial basis for valuation, sales occurring in the years 1967 and 1968. The Haynes appraisal was completed 2½ years after the Walters study, involved a more intensive study of Sioux County, and considered and used sales for the years 1969 through 1971. The chief appraiser of the real estate division of the Nebraska Department of Revenue also testified and fully supported the Haynes appraisal on issues of valuation as well as on equalization between counties. Representatives of adjoining counties also testified that the valuations of the Haynes appraisal had achieved reasonable equalization as between counties and that the action of the Sioux County board in reducing the Haynes valuations by 20 percent had destroyed that equalization and placed the Sioux County values at a level below that of surrounding counties.

Professional appraisals have consistently been approved as a reasonable and proper basis of valuation of real estate for tax purposes. Such appraisals have been the traditional method of valuation in this state. The statutes now provide extensive direction for such reappraisals; require them for all counties at periodic intervals; require the State Tax Commissioner, by rule, to establish standards for such appraisals to assure the determination of actual value on a consistent basis and the equalization of values; and require him to

supervise and approve reappraisal contracts and to approve the reappraisals themselves. See §§ 77-1301 to 77-1301.11, R. R. S. 1943. The rules and regulations promulgated by the State Tax Commissioner are detailed and extensive. See Appraisal Rules and Regulations, State of Nebraska, Department of Revenue.

Section 77-1301.06, R. R. S.. 1943, provides in part: "Upon completion and final approval of any reappraisal conducted pursuant to the provisions of sections 77-1301.07 and 77-1301.08, the valuations established by such reappraisal shall be used for purposes of property taxation of all property so appraised." We have previously held that where the evidence discloses the consistent use of reasonably current reappraisals done under uniform conditions and regulations and approved by the State Tax Commissioner, such procedures meet the constitutional test of uniformity. County of Gage v. State Board of Equalization & Assessment, 185 Neb. 749, 178 N. W. 2d 759. We now hold that professional reappraisals conducted in accordance with statutory requirements and the applicable rules and regulations of the State Tax Commissioner, and approved by him, constitute an adequate basis upon which the State Board of Equalization and Assessment may rely in the absence of clear evidence that such appraisals or reappraisals are erroneous or that they fail to establish the equality and uniformity required by law.

The order of the State Board of Equalization and Assessment ordering the valuation of all real estate in Sioux County to be raised by 25 percent over the valuation reflected in the 1972 abstract of assessment filed by the county was correct and is affirmed.

AFFIRMED.