HOWARD L. BERKSHIRE, APPELLANT, V. DOUGLAS COUNTY
BOARD OF EQUALIZATION ET AL., APPELLEES. JEAN S.
ANDERSEN, APPELLANT, V. DOUGLAS COUNTY BOARD
OF EQUALIZATION ET AL., APPELLEES.

262 N. W. 2d 449

Filed February 15, 1978. Nos. 41295, 41296.

Swarr, May, Smith & Anderson, for appellants.

McGrath, North, O'Malley, Kratz, Dwyer, O'Leary & Martin and Fraser, Stryker, Veach, Vaughn, Meusey, Olson & Boyer, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

WHITE, C. THOMAS, J.

These actions stem from taxpayers' appeals challenging determinations by the Douglas County Board of Equalization as to the situs of personal property. The actions, being directly related and involving the same issues, have been consolidated on this appeal. The taxpayers voiced their complaints before the Board of Equalization. Upon dismissal of the complaints by the Board, the taxpayers appealed to the District Court alleging that the Board abused its discretion. The District Court upheld the decision of the Board and we affirm.

One of the defendants, Xerox Corporation, reported its leased personal property for property-tax purposes at the principal place of business of Xerox, which is in School District No. 1, instead of at the actual physical situs of each item. Xerox Corporation leased personal property in School District No. 66, also located in Douglas County. The taxpayer-plaintiff appealed this action as a class action on behalf of himself and other similarly situated taxpayers of School District No. 66 against the Board of Equalization and Xerox Corporation. The plaintiff contends that the sanctioning by the Board of Xerox' reporting method results in School District No. 66 being denied the benefit of a substantial amount of personal property upon which taxes may be levied and results in other taxpayers in the district bearing a higher tax burden. The revenue involved is substantial.

Another of the taxpayers, International Business Machines Corporation (hereinafter referred to as I.B.M.), reported its leased personal property at the actual physical situs of each item, instead of its place of business, located in School District No. 66. Like Xerox, I.B.M. leases equipment in both districts. The reporting systems employed by Xerox

and I.B.M. allow more revenue to be generated into School District No. 1 than if the corporations both used the same manner of reporting. Plaintiffs allege that the approval by the Board of the different reporting methods results in a lack of consistency which is incorrect as a matter of law. It is further contended that the Board's action evidences an intent to allow corporations, such as I.B.M. and Xerox, to pick and choose the taxing district with the lower mill levy.

The plaintiffs' first assignment of error relates to the District Court's failure to allow the suit to be maintained as a class action. Section 25-319, R. R. S. 1943, provides: "When the question is one of a common or general interest of many persons, or when the parties are very numerous, and it may be impracticable to bring them all before the court, one or more may sue or defend for the benefit of all." Plaintiffs contend that the taxpayers of School District No. 66 fulfill the statutory requirements in that they present a common question and the taxpayers are numerous parties. We agree that technically the plaintiffs meet the requirements. However, we do not believe the trial judge erred in disallowing the suits to be brought as a class action.

In determining whether a class action is properly brought, considerable discretion is vested in the trial court. See Gant v. City of Lincoln, 193 Neb. 108, 225 N. W. 2d 549. This rule applies to the District Court action hearing appeals from the county board of equalization since the appeals are heard de novo under section 77-1511, R. R. S. 1943. Here, we believe the trial judge could have properly determined that meeting with the technical requirements of section 25-319, R. R. S. 1943, is insufficient where no useful purpose is served by bringing a suit as a class action. The plaintiffs are seeking relief indirectly. The final result is the same whether the actions are class actions or individual actions. Correspondingly,

even if the trial judge erred we are unable to find how the plaintiffs are in any way prejudiced.

The plaintiffs' principal assignment of error relates to the District Court's failing to find an abuse of discretion by the Board because of its allowance of inconsistent practices as to the reporting of leased personal property. The District Court found that while the evidence showed the two corporations had similar business practices, there are differences in many respects.

A corporation's tangible personalty is assessed in the taxing area of the corporation's principal place of business, unless otherwise provided by statute or unless it has acquired an actual situs elsewhere. Ace Constr. Co. v. Board of Equalization, 169 Neb. 77, 98 N. W. 2d 367. The Board determined that I.B.M. acquired a reporting situs elsewhere; here, that situs is the actual location of the property under lease. The test of what characteristics such property must have to be removed from inclusion at the principal place of business was stated in Ace Constr. Co. v. Board of Equalization, *supra:* "Permanency of tangible personal property in a taxing area is determined by the ownership and use for which the property is designed and does not embrace the idea of a forever-fixed location or the thought that the owner bringing personal property in the area has no present intention of ever removing it; but it excludes the idea of mobile personal property which happens to be in the taxing area at the moment of the assessment of property which, for some definite purpose of the owner, has come to rest within the area for a limited time."

We recognize that the rule is broad in scope and its application must take into account the practices of a business, type of equipment it utilizes, and the mobility of that equipment if situated elsewhere than the principal place of business. The leasing of large equipment to other businesses for extended pe-

riods of time could conceptually allow such equipment to acquire a new situs for taxing purposes. It is common knowledge that, and as the evidence shows, I.B.M. leases data processing machines, copiers, and office equipment. Depending on the lease time for this equipment, the Board could have found that I.B.M. could report property at the local situs. The question becomes whether the Board, upon finding the standard applies to I.B.M., should also have applied it to Xerox.

The burden of proof is upon a taxpayer to establish his contention that the assessor's valuation, as affirmed by the board of equalization, is discriminatory, unjust, or unfair. See Hastings Building Co. v. Board of Equalization, 190 Neb. 63, 206 N. W. 2d 338. This same rule applies to a determination by the Board of the taxing situs. The plaintiffs contend the differences in the types of machinery leased and the leases used by I.B.M. and Xerox are not material enough to justify the different reporting of the situs of personal property. While the plaintiffs' complaint may be well-founded, they failed to sustain their burden of proof.

The evidence supports plaintiffs' assertion that the differences in the types of machinery leased by I.B.M. and Xerox are not material. I.B.M. has a greater amount of equipment available on a lease basis. Xerox leases only copy machines; I.B.M., in addition to copy machines, leases data processing equipment and smaller office equipment such as typewriters. The fact that I.B.M. has more varying types of equipment available for lease is not material. The accompanying data describing the available machines lists the weight and size of almost all the I.B.M. equipment. Among these listings, the maximum weight of a single item is 4,200 pounds. However, the rest of the equipment weighs significantly less, ranging in weight from 65 to 1,850 pounds. Most of the larger equipment listed is with-

in a range of 800 to 1,200 pounds. The descriptions of Xerox equipment list the weight of only two machines. One, a computer-forms printer, is listed at 1,700 pounds plus 100 pounds for each additional sorter. This evidence shows that Xerox has available for lease at least one machine comparable in weight to that offered by I.B.M.

The remaining evidence in the records concerns the lease terms of both parties. The evidence shows that certain lease terms are the same for both I.B.M. and Xerox. These include such items as customer payment of installation and removal, nonassignability, service provisions, risk of loss, computation of time used, and payment. What is lacking is evidence concerning the time provisions of the leases and the actual duration of time the equipment remains at one location. The length of time property remains at a situs, or in some cases, at least the intent that it remain, is an essential element in determining whether property acquires a local situs and is removed from inclusion with property at the principal place of business. Here, there is evidence of I.B.M. term leases. The leases provide for a base service of 12 months with extension plans of up to 48 months and purchase options. There are plans where equipment need only be rented for a minimum of 180 days. There is essentially no relevant evidence as to how Xerox leases its equipment. The only fact shown is that Xerox has leases that provide for notice terminations of 15, 30, and 90 days or 1 year, 81 percent of which are of the 30-day notice variety. This information only goes to the notice the lessee must give Xerox. We do not know what time periods the leases are issued for or if this is an open provision.

From the evidence we know only that Xerox and I.B.M. have equipment available through leasing. The only evidence which would show that either corporation actually leased equipment is evidence that

a small percentage of Xerox' equipment is leased in School District No. 66 and an even smaller percentage of the accompanying leases provide over 30-days cancellation notice. The time in which a lessee may give notice is, at best, indirect evidence to the issue of how long equipment remains at one situs. Absent here is any evidence as to how many customers availed themselves of I.B.M. and Xerox lease services and the duration of the service of at least a cross-section of the customers. In the absence of such evidence, it can not be concluded that Xerox and I.B.M. lease property for similar durations or that they are bound by like tax-reporting methods.

Section 77-1216 (1), R. R. S. 1943, provides: "Questions that may arise as to the proper place to list personal property shall be determined as follows: (1) If between several places in the same county, the place for listing and assessing shall be determined and fixed by the county board; * * *." A fundamental rule consistently followed by this court is that the determinations of both the county board of equalization and the State Board of Equalization and Assessment are clothed with a presumption of validity. County of Sioux v. State Board of Equalization & Assessment, 190 Neb. 198, 207 N. W. 2d 219.

A decision of the county board of equalization will not be disturbed on appeal unless clearly wrong. See, Ramm v. County of Holt, 172 Neb. 88, 108 N. W. 2d 808; County of Sioux v. State Board of Equalization & Assessment, supra.

From a review of the record, we cannot say the Board of Equalization was clearly wrong and, accordingly, affirm the decisions of the District Court.

AFFIRMED.