RIHA FARMS, INC., A NEBRASKA CORPORATION,
APPELLANT, V. COUNTY OF SARPY, APPELLEE.

322 N.W.2d 797

Filed August 6, 1982. No. 44538.

Warren S. Zweiback, Patricia A. Lamberty and Richard A. DeWitt of Zweiback, Kasher, Flaherty & DeWitt, P.C., for appellant.

Patrick Kelly, Sarpy County Attorney, for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, WHITE, HASTINGS, and CAPORALE, JJ.

McCOWN, J.

This is a direct appeal by the owner of certain agricultural land situated in Sarpy County, Nebraska, from the action of the Sarpy County Board of Equalization fixing the valuation of plaintiff's agri-

cultural land for tax purposes for 1980. Plaintiff sought a reduction of valuation of its property and, on behalf of itself and all other owners of agricultural land in Sarpy County, sought to reduce the valuations of agricultural land to the valuations previously established for 1979, or, in the alternative, to increase the valuations of all other classifications of real property correspondingly. The District Court affirmed the action of the board of equalization as to plaintiff's property and denied class action relief.

Plaintiff is the owner of agricultural land in Sarpy County, specifically described in its petition. Neb. Rev. Stat. § 77-1330 (Reissue 1981) requires the Tax Commissioner to prepare and annually revise guides for county assessors and requires that all appraisals or reappraisals of real property for tax purposes are to be in compliance with such manuals and guides. The Tax Commissioner duly promulgated the Nebraska Agricultural Land Valuation Manual 1979. A countywide revaluation and reassessment of all agricultural land in Sarpy County was conducted in 1979 based on the land valuation manual and placed in effect for the 1980 tax year. Other classifications of real property were not similarly revalued and their assessments continued to be based upon a countywide reappraisal made in 1977, which took effect January 1, 1978.

In March 1980 the Sarpy County assessor mailed notice of valuation increases to the owners of agricultural land in Sarpy County, the increase to be effective as of January 1, 1980. Based on the assessor's figures, irrigated land values were increased by approximately 31.9 percent, dryland by 36 percent, and pastureland by 20 percent over the valuations for the previous tax year of 1979.

On April 1, 1980, the plaintiff and other property owners presented a resolution to the Sarpy County Board of Equalization requesting that the 1979 valuation of agricultural lands within the county be

maintained in effect until it was shown that a change of circumstances warranted a revaluation and reassessment of agricultural lands. The board denied the resolution. Thereafter plaintiff filed a protest with the Sarpy County Board of Equalization requesting that the valuation of its agricultural land be reduced from $29,370 to $16,800, which was apparently its 1979 valuation. Plaintiff's protest was denied by the county board of equalization and the plaintiff appealed to the District Court.

Plaintiff's petition alleged that the valuation of its agricultural land and of all other agricultural land in Sarpy County has not been equalized with other classifications of real property and that agricultural land in Sarpy County, including plaintiff's land, is presently assessed for tax purposes at greater values than other classifications of real property in the county. There is no evidence in the record as to the actual value of agricultural lands or as to what percentage of actual value is reflected in the assessed value. Neither is there evidence of the relationship of actual value to assessed value of any other classification of real property in Sarpy County. Neither is there any evidence in the record from which to determine whether agricultural property was assessed at a greater percentage of actual value than any other classification of real property. The plaintiff relies upon the evidence that only agricultural land valuations and assessments were increased for 1980, based upon the use of the agricultural land valuation manual, while other classifications of real property retained the 1979 valuation and assessment levels, which were based upon the 1977 countywide reappraisal. Plaintiff contends that a reappraisal of a single class of real property is inherently nonuniform and disproportionate, and that only the 1977 countywide reappraisal was uniform and valid.

The District Court denied class action status and found that the action of the Sarpy County Board of

Equalization was not unreasonable or arbitrary. The court also found that plaintiff had not met its burden of proving that the valuation of plaintiff's property, when compared with valuations placed on other similar property, was grossly excessive or the result of a systematic exercise of intentional will or failure of a plain duty. The District Court therefore specifically found that the finding and decision of the Sarpy County Board of Equalization as to the valuation placed on plaintiff's agricultural land for 1980 was correct, and affirmed the action of the county board.

Plaintiff asserts first that this case is an appropriate one for a class action suit under the provisions of Neb. Rev. Stat. § 25-319 (Reissue 1979). A party having an interest adverse to the interests of the parties sought to be represented may not sue as a representative of a class under the provisions of that section. Potentially conflicting interests within the class are incompatible with the maintenance of a true class action. *Blankenship v. Omaha P. P. Dist.,* 195 Neb. 170, 237 N.W.2d 86 (1976). Generally, a suit cannot be maintained by one taxpayer on behalf of himself and others similarly situated to recover taxes alleged to have been illegally assessed, but each taxpayer must bring action on his own behalf. See *Hansen v. County of Lincoln,* 188 Neb. 461, 197 N.W.2d 651 (1972).

In determining whether a class action is properly brought, broad discretion is vested in the trial court, and that rule applies to an appeal from the county board of equalization to the District Court. See *Berkshire & Andersen v. Douglas County Board of Equalization,* 200 Neb. 113, 262 N.W.2d 449 (1978). Potentially conflicting interests within the class are apparent in the present case. The denial of class action in the present case was proper.

Under Neb. Rev. Stat. § 77-201 (Reissue 1981), all tangible and real property subject to taxation is re-

quired to be valued at its actual value. For purposes of taxation the terms actual value, market value, and fair market value mean exactly the same thing. *Gradoville v. Board of Equalization,* 207 Neb. 615, 301 N.W.2d 62 (1981).

In an appeal from property valuations set by a board of equalization, the taxpayer has the burden of proving that the value of his property has been arbitrarily or unlawfully fixed by the board of equalization in an amount greater than its actual value, or that its value has not been fairly and proportionately equalized with all other property, resulting in a discriminatory, unjust, and unfair assessment. *Lexington Building Co., Inc. v. Board of Equalization,* 186 Neb. 821, 187 N.W.2d 94 (1971).

Authorities charged with the duty of valuing property for taxation are not limited to just one method of determining value, and the ultimate question is whether the method used ultimately attains a reasonable degree of uniformity in value. Approximation of value and uniformity of taxation is all that can be accomplished, and substantial compliance with the requirement of equalization and uniformity of taxation laid down by the Constitution is all that is required. *Lincoln Tel. & Tel. Co. v. County Board of Equalization,* 209 Neb. 465, 308 N.W.2d 515 (1981).

In the case at bar the plaintiff makes no contention that its agricultural lands have been valued at more than their actual value. The plaintiff contends, however, that the value of its agricultural lands has not been fairly and proportionately equalized with all other property. To support that contention the plaintiff relies on the fact that only agricultural lands were reappraised for 1980, and that because of such reappraisal the valuations of agricultural lands for 1980 were proportionately higher than the valuations of other classifications of real property.

There is no evidence as to the actual value of any

classification of real property in either 1979 or 1980. Plaintiff argues that because there is a presumption that the 1979 assessment was proper and valid and reflected actual values of all classes of property, any increase in the value of agricultural lands is inherently nonuniform and disproportionate, and discriminatory in violation of constitutional requirements. The same presumption exists as to 1980, however. The record reflects the opinion of the Tax Commissioner that agricultural lands were substantially undervalued in comparison with values of other classifications of real property in the 1979 assessments, and that one of the basic reasons the Nebraska Agricultural Land Valuation Manual was used in the 1980 reappraisal of agricultural lands was to equalize the disparity in values between agricultural land and other classifications of real property.

If plaintiff's position were correct, no reappraisal of a single class of real property which resulted in a larger valuation and assessment for that class of property could be valid or uniform in any case. Taxing authorities are not limited to just one method of determining value. Neither should they be required to reassess all classes of property at the same time. Substantial compliance with the requirement of equalization and uniformity of taxation is all that can be required, and the taxpayer has the burden of proving that its property was unlawfully assessed.

The plaintiff failed to carry its burden of establishing that the value of its property was not fairly and proportionately equalized with all other property, or that the reassessment of agricultural lands in 1979 resulted in a discriminatory, unjust, and unfair assessment. Plaintiff also failed to prove that its agricultural land or other agricultural lands were valued at a higher proportion of actual value than other classifications of property in Sarpy County.

The District Court found that the action taken by the Sarpy County Board of Equalization was not arbitrary or unreasonable and that plaintiff failed to meet its burden of proving that the valuations placed upon its property were disproportionate or grossly excessive. The District Court specifically found that the valuation placed on plaintiff's agricultural land for 1980 was correct. That determination was correct and is affirmed.

AFFIRMED.

KRIVOSHA, C.J., concurring in the result.

I concur in the result reached by the majority in that I agree that the evidence offered by the landowner was insufficient to establish the claims made by the landowner. I would have limited the decision to that point alone at this time.