ESTHER BEYNON, APPELLANT, V. BOARD OF
EQUALIZATION OF LANCASTER COUNTY, NEBRASKA,
APPELLEE.
329 N.W.2d 857

Filed February 11, 1983.   No. 81-578.

Ira D. Beynon and John H. Sohl, for appellant.

Ron Lahners, Lancaster County Attorney, Michael
G. Heavican, and Douglas D. Cyr, for appellee.

KRIVOSHA, C.J., BOSLAUGH, MCCOWN, CLINTON,
HASTINGS, and CAPORALE, JJ.

MCCOWN, J.

This is a direct appeal by the owner of an im-
proved quarter section of agricultural land situated
in Lancaster County, Nebraska, from the action of
the county board of equalization fixing the valuation
of plaintiff's land for tax purposes for 1980.   Plain-
tiff's protest was denied by the county board of
equalization, and on appeal the District Court af-
firmed the action of the county board of equalization.

Plaintiff is the owner of 160 acres of improved
agricultural land in Lancaster County, specifically
described in the petition.   For the 1979 tax year
plaintiff's property was initially assessed at the
value of $90,900 and lowered by the county board of
equalization to a valuation of $83,200.

For the tax year 1980, in accordance with statute, county assessors were directed to use the Nebraska Agricultural Land Valuation Manual, duly promulgated by the Tax Commissioner, to appraise and assess agricultural property for tax purposes. 'The value placed on plaintiff's property by the county assessor for tax purposes for 1980 was $115,815.

Plaintiff protested the 1980 valuation and sought to reduce the valuation of the property to the 1979 valuation. The Lancaster County Board of Equalization denied the protest and the plaintiff appealed to the District Court.

At the hearing in the District Court plaintiff offered no evidence that the property was valued in excess of its actual value. Neither did the plaintiff present any expert witnesses to testify as to the actual value of plaintiff's land or its value in comparison to other similar properties. Plaintiff's evidence was aimed at discrediting the valuation methods utilized by the county assessor as to plaintiff's property and contending that the 1979 appraisal value was more accurate than the 1980 value obtained by use of the Nebraska valuation manual.

The county assessor testified that the Nebraska Agricultural Land Valuation Manual was used to value plaintiff's property for tax purposes for 1980, and that all agricultural land in the county was valued in the same manner as plaintiff's property. The assessor also testified that the reason plaintiff's 1980 valuation was substantially higher than the 1979 value was that the plaintiff's property was undervalued in 1979.

A licensed appraiser and rural property supervisor for the assessor's office testified that the 1980 assessment of plaintiff's land was not excessive nor out of line with the assessed values of other similar properties in the immediate area. He also testified that, based on a comparison of sales prices of four similar properties in the county, the market value of

plaintiff's property was more than double the assessed value for 1980.

The District Court found that the plaintiff had failed to establish that the action of the board of equalization was unreasonable or arbitrary, and affirmed the action of the board in valuing plaintiff's property for taxation for 1980.

In an appeal from property tax valuations set by a board of equalization, the taxpayer has the burden of proving that the value of his property has been arbitrarily or unlawfully fixed by the board of equalization in an amount greater than its actual value, or that its value has not been fairly and proportionately equalized with all other property, resulting in a discriminatory, unjust, and unfair assessment. *Riha Farms, Inc. v. County of Sarpy,* 212 Neb. 385, 322 N.W.2d 797 (1982).

There is a presumption that a board of equalization has faithfully performed its official duties in making an assessment and has acted upon sufficient competent evidence to justify its action, which presumption remains until there is competent evidence to the contrary. Once there is competent evidence on appeal to the contrary, the presumption disappears and the reasonableness of the valuation fixed by the board of equalization becomes one of fact based upon the evidence. *Hastings Building Co. v. Board of Equalization,* 212 Neb. 847, 326 N.W.2d 670 (1982).

In the case at bar the plaintiff makes no contention that her lands have been valued for taxation at more than their actual value. The plaintiff failed to meet the burden of proving that the value of her property was not fairly and proportionately equalized, or that the valuation placed upon her property for tax purposes was unreasonable or arbitrary.

The judgment of the District Court was correct and is affirmed.

AFFIRMED.

WHITE, J., participating on briefs.
CLINTON, J., not participating.